# IN THE COURT OF APPEALS OF IOWA

No. 19-2005
Filed March 4, 2020

IN THE INTEREST OF M.D.,
Minor Child,

W.D., Mother,
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

        A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

        Annette F. Martin, Cedar Rapids, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Kathryn E. Davis, Cedar Rapids, attorney and guardian ad litem for minor child.

        Considered by Tabor, P.J., Mullins, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her child. She challenges the evidence supporting the grounds for termination and the finding that termination is in the child's best interests. She also claims termination would be detrimental to the child due to the strength of their bond and asks for additional time to have the child returned to her care. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2019). On appeal, the mother challenges the proof that the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring "clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). The court cannot return a child to the custody of a parent if doing so would be expose the child to any threat of probable harm that would lead to a new child-in-need-of-assistance (CINA) adjudication. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). "[A] parent's methamphetamine addiction by itself can result in 'harmful effects' to the child," which justifies a CINA adjudication under Iowa Code section 232.2(6)(c)(2). *In re J.S.*, 846 N.W.2d 36, 37 (Iowa 2014).

Clear and convincing evidence shows the child would be exposed to a threat of probable harm if returned to the mother's custody based on the mother's continued use of methamphetamine. The mother is diagnosed as having a severe amphetamine use disorder, and she admitted using methamphetamine two days

before giving birth. As a result, the child was born with amphetamine and methamphetamine in his system. Although the mother was offered treatment to address her substance use, she missed more than half of the drug tests she was asked to take and continued to test positive for amphetamine and methamphetamine almost eight months after the child was born.

Termination is also in the child's best interests. *See D.W.*, 791 N.W.2d at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In determining the child's best interests, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interests" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). The mother was unable to demonstrate sobriety during the CINA proceedings, which is necessary for the child's safety. None of the service providers recommended returning the child to the mother's care. In contrast, the child is safe in a placement with a relative with whom he has bonded.

The mother seeks to avoid termination under section 232.116(3), which states that the court "need not" terminate parental rights under certain circumstances. This provision is permissive, not mandatory. *See A.S.*, 906 N.W.2d at 475. If we find one of the circumstances listed exists, we must still consider the child's best interests in determining whether to terminate parental

rights. *See id.* And the parent resisting termination bears the burden of proving one of the circumstances exists. *See id.* at 476.

The mother claims that terminating her parental rights "would be detrimental to the child . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). But the child has never lived with the mother, and his contact with her is limited to supervised visits. Because nothing in the record supports a finding that terminating the mother's parental rights would be detrimental to the child, the mother failed to meet her burden of proof under section 232.116(3)(c).

Finally, the mother asks for a sixth-month extension of time. *See id.* § 232.104(2)(b) (allowing the court to continue placement of a child for another six months). Such an extension is possible only when the court can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* But there is no indication that the need for removal would be eliminated if the mother were afforded additional time. And we cannot deny the child permanency in the hope that the mother will one day be able to provide a safe and stable home for the child. *See In re A.M.*, 843, N.W.2d 100, 112 (Iowa 2014). The patience the law requires us to afford a parent is built into chapter 232. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). No benefit will be gained by extending it.

For the above reasons, we affirm the order terminating the mother's parental rights.

**AFFIRMED.**